# The State of Alabama *ex rel.* Pinney *v.* Williams.

*Petition for Mandamus to Compel Probate Judge to Render and Record Decree.*

1. *Mandamus; a civil remedy.*—Though the origin of the writ of *mandamus* was to prevent disorder from a failure of justice and defect of police, and it is issued in the name of the sovereign, yet its purpose is the enforcement of civil rights, and it can, in no wise, be regarded as a criminal procedure, but is strictly civil in its character.

2. *Probate courts; when inferior tribunals.*—Probate courts in this State are inferior tribunals, as compared with the circuit courts, or with city courts having co-extensive jurisdiction, within the meaning of *subdiv.* 3, of § 657 of the Code of 1876.

[The State of Alabama ex rel. Pinney v. Williams.]

3.  *City Court of Mobile ; has power to issue writs of mandamus.*—The City Court of Mobile, having a jurisdiction, in all cases of a civil nature, identical and co-extensive with that of the circuit courts, excepting only the power to try titles to land, has the power to issue writs of *mandamus* to probate courts, or to the judges thereof, in all cases warranted by the principles and usages of law.

4.  *Mandamus ; its mandate when applied to judicial acts.*—The writ of *mandamus* will lie from a superior to an inferior court, in a proper case, to compel it to *hear and decide* a controversy of which it has jurisdiction, or, where the cause has been heard, to compel such inferior court to *render* judgment or *enter* a decree in the given case.   But it will not lie to direct *what particular judgment or decree* shall be rendered in a pending cause, or to re-examine or correct errors in any judgment or decree so rendered.

5.  *Same ; compliance with mandate may be shown by return thereto.*—A respondent in a proceeding for *mandamus,* may comply with the mandate of the alternative writ, or question its sufficiency, *in law,* by demurrer or motion to quash, or, *in fact,* by plea or answer.  When he elects to obey the writ, it is sufficient to set forth this fact by way of return, averring, with sufficient certainty and clearness, his compliance with the mandate of the court, substantially "following the mandatory clause of the writ, and stating his performance of the duty as by the writ commanded."

6.  *Same ; when answer thereto sufficient.*—An answer to an alternative writ of *mandamus,* issued on a petition seeking to compel a probate judge to render and enter of record the decree of the court, in a cause therein pending and before him on submission for decree, which shows that the respondent has complied with the mandate of the writ, by rendering and entering of record the decree of the court. as commanded, is sufficient return to such writ, leaving no room for the operation of a peremptory writ.

7.  *Same ; when replication to answer defective.*—A replication to such an answer, admitting the rendition and record of the decree, but averring that it had been rendered and recorded since the issuance of the alternative writ, and that the decree had been antedated in such a manner as to deprive the relator of the benefit of a bill of exceptions on appeal, is a manifest departure from the case made by the petition, and is therefore fatally defective.

APPEAL from the City Court of Mobile.

Tried before Hon. O. J. SEMMES.

The petition in this cause was filed on the 26th October, 1881, and, on the 28th day of the same month, an alternative writ of *mandamus* was issued in accordance with the prayer of the petition.   An answer was filed by the respondent to the writ, to which the relator demurred.   The court overruled the demurrer, and the relator then filed a replication.   The respondent interposed a demurrer to the replication, which was sustained by the court.   The petition, answer and replication are sufficiently set forth in the opinion.   On the hearing, had on petition and answer, the City Court rendered judgment refusing the peremptory writ and dismissing the petition; and from this judgment the relator appealed, and here assigns as error said judgment and the rulings of the court on the demurrers.

.  C. J. TORREY, D. H. LAY and L. H. FAITH, for appellant.
(1.). The alternative writ was properly. granted in vacation.
VOL. LXIX.

[The State of Alabama ex rel. Pinney v. Williams.]

Code, § 658; *Ex parte Henderson*, 43 Ala. 392; High on Ex. Remedies, § 513.    (2). The power and jurisdiction of the City Court of Mobile is co-extensive with that of the circuit court so far as this writ is concerned.—Acts, 1871–2, p. 109; Act Feb'y 7, 1852.    (3). The petition on its face authorized the issuance of the alternative writ.—High on Ex. Remedies, §§ 147 and 186; 2 Brick. Digest, pp. 240–1–2.    (4). The return to the alternative writ was evasive and not sufficient; and the demurrer thereto should have been sustained.—High on Ex. Remedies, §§ 464–74; *Smith v. Moore*, 38 Conn. 105; *Cortleyou v. Ten Eyck*, 2 Zabriskie, (N. J.) 45.    (5). The demurrer to the replication should have been overruled.    The probate judge could not properly, after service of the alternative writ on him, enter up a decree on the records and antedate it and in fact falsify his record.    (6). As a matter of law there is no decree in the probate court, until the record shows it.—19 Ala. 319; *Ib.* 619; 20 Ala. 284; *Ib.* 364.

JAMES BOND and F. G. BROMBERG, *contra.*—(1).    The City Court had no jurisdiction to issue the writ.    (*a*). The act of 1868 (Pamph. Acts, 1868 p. 413) took away all civil jurisdiction. The act of 1872 (Acts, 1871–2, p. 109), again confers *civil* jurisdiction and the powers conferred are limited to those exercised by the circuit courts.    *Mandamus* is not a civil remedy. The act of 1872, *supra*, is a mere *reference* statute, and such statutes only embrace *general* not *particular* powers referred to by them.—*Ex parte Green*, 29 Ala. 52; *Stevenson v. O'Hara*, 27 Ala. 362; *Mathews, Finley & Co. v. Sands & Co.*, 29 Ala. 136; *Flash, Hartwell & Co. v. Paul, Cook & Co.*, 29 Ala. 141; *Rex v. The Justices of Surry*, 2 Term Rep. 504; *School Board v. People*, 20 Ill. 525.    (*b*). The probate court is no longer a court of inferior jurisdiction, and, therefore, the city court had no jurisdiction.—Con. 1875, Art VI, §§ 1 and 15; *Ex parte Dickson*, 64 Ala. 188; *Shadden v. Sterling*, 23 Ala. 518; *Dabney v. Mitchell*, 54 Ala. 198; *Blanton v. King*, 2 How. (Miss.) 856; *Root v McFerrin*, 37 Miss. 47; *Ward v. State*, 40 Miss. 108; *Smith v. Hurd*, 7 How. (Miss.) 188; *Adams v. Adams*, 22 Vt. 50; *Sheldon v. Newton*, 3 Ohio St. 500; *Hess v. Cole*, 3 Zab. (N. J.) 116; *Snyder's Appeal*, 36 Penn. St. 168; *George's Appeal*, 12 Penn. St. 261; *Carmichael v. Browder*, 3 How. (Miss.) 252; *Brinker v. Brinker*, 7 Penn. St. 55; 1 Story's Eq. Jur. (10th Ed.) § 543, *a*.    (2).    *Mandamus* can only compel action; it can not raise or control the discretion and judgment of a tribunal, though inferior.—High on Ex. Rem. §§ 149, 150; *Ex parte Echols*, 39 Ala. 700; *Appling v. Bailey*, 44 Ala. 333; *Ex parte Smith & Schmidt*, 62 Ala. 252; *Ex parte Newman*, 14 Wall. 165; *Ex parte Perry*, 102 U. S. 183; *Ex parte Burtis,*

103 U. S. 238. Nor will it lie to compel such tribunal to alter its record.—*Ex parte Henry*, 24 Ala. 650; High on Ex. Rem. § 154; *Ex parte Campbell*, 20 Ala. 89; *Ex parte Shaudies*, 66 Ala. 134; *Atkins v. Siddons*, 66 Ala. 453; *Dixon v. Judge, etc.* 4 Mo. 286; *King v. Justices, etc.* 5 Nev. & Man. 139. (3). Relator had complete remedy by motion and appeal; therefore, *mandamus* would not lie.—*Dabney v. Mitchell*, 54 Ala. 198; *Ex parte Gilmer*, 64 Ala. 234; *Bartlett v. Lang*, 2 Ala. 161; *Wilkerson v. Goldthwaite*, 1 S. & P. 159; *Ex parte Hendree*, 49 Ala. 360; *Ethridge v. Fuller*, 6 Ala. 58; *Hartley v. Chandler*, 6 Ala. 857; *Weed v. Weed*, 25 Conn. 337. (4). Although the Probate Court had not transcribed its decree on its minutes, it was in the power of the court to complete its entry. "The record is made up from the papers on file; and they are the record until final record is complete."—*Frazier v. Praytor*, 36 Ala. 691; *Hartley v. Chandler*, 6 Ala. 857; *Governor v. Bancroft*, 16 Ala. 605; Whart. Evidence, §§ 825–6; *Willard v. Harvey.* 24 N. H. 344; *Buffington v. Cook*, 39 Ala. 64.

SOMERVILLE, J.—This is a petition for the writ of *mandamus* against the judge of the probate court of Mobile, instituted by the relator, who shows an interest in the estate of one Solomon, of the settlement of which the probate court had taken jurisdiction. The averments of the petition show, that there had been a final settlement of the estate by the executor, one Werborn, after proper notice given as prescribed by the statute, on the 7th of May, 1881, and that the cause had been accordingly submitted to the probate judge for final judgment and decree, but that the court had failed and refused, on request made by motion, "to make and enter of record, on its minutes or other proper record book, any judgment or decree on said settlement," up to the date of the petition, which is October 27, 1881.

The prayer of the petition is for an alternative writ of *mandamus*, commanding the respondent "to presently *adjudicate and determine* the matters of said settlement, and at once to *make and enter of record*, on the minutes or other proper record book of said probate court, its judgment and decree, whatever the same may be," or else to appear on the first day of the next regular term of the city court, and show cause, if any, why he had not obeyed the mandate of the writ.

The rule *nisi*, or alternative writ, was issued as prayed for, its mandate being in substantial conformity with the prayer of the petition.

The answer of the respondent, Williams, as amended, alleges his compliance with the petition, averring that he *had adjudicated and determined* the matters of said settlement, and had en-

tered his final decree of record, a copy of which is made an exhibit to the answer, and which purports to bear date July 11, 1881, to which date the matter of the settlement in question was alleged to have been continued by adjournment. The relator seeks, by replication to this answer, to show that the decree, though bearing date, July 11, 1881, was not legally rendered until November 5th, 1881, and then recorded, and was *antedated* by the judge, so as to improperly relate back to a term of the probate court which had already adjourned.

It is first insisted by appellee's counsel, that the City Court of Mobile has no jurisdiction to entertain or grant writs of *mandamus,* and especially that it possesses no supervisory control over the probate court, as an inferior or subordinate tribunal. In our opinion the contrary proposition is true, and the motion to dismiss the cause, based on this theory, must be overruled. We think the act of February 13, 1872, entitled "An Act to confer civil jurisdiction upon the City Court of Mobile" (Acts 1871–2, p. 109), is sufficiently clear in terms and broad in its language to confer such disputed jurisdiction. The second section this act reads as follows: "Sec. 2. *Be it further enacted,* That from and after the passage of this act, jurisdiction in *civil causes* (except in actions to try titles to land) be and is hereby conferred upon the City Court of Mobile county, and *all powers of a civil nature,* now exercised by the *circuit courts* of the State and the judges thereof, be and are hereby conferred upon the City Court of said county and the judge thereof." The power to grant a writ of *mandamus* is clearly of a civil nature, the petition in such cases being much in the nature of a bill in chancery for specific performance. Though the origin of the writ was to prevent disorder from a failure of justice and defect of police, and it issued in the name of the sovereign, its purpose is the redress of civil rights, and it can, in no wise, be regarded as a *criminal* procedure. In *Ex parte City Council of Montgomery,* 64 Ala. 463, 468, this court, in effect, held such process to be strictly *civil* in its character.

It is equally plain that both city and circuit courts, having like jurisdiction in civil matters, can issue such writs to probate courts or probate judges in all cases warranted by the principles and usages of law. Probate courts are inferior courts of limited jurisdiction, from the decrees or judgments of which, in many cases, appeals are authorized to be taken directly to the circuit courts, as well as to the Supreme Court.—Code, 1876, §§ 3954, 3957. They are inferior and subordinate tribunals as compared with the circuit courts, or with city courts possessing co-extensive jurisdiction.—*Etheridge v. Hall,* 7 Port. 47. Circuit courts have power "to exercise a general superintendence over all inferior jurisdictions."—Code, § 657, *sub. div.* 3. They

[The State of Alabama ex rel. Pinney v. Williams.]

also have power to issue writs of *mandamus.*—Code, § 658. Circuit courts have uniformly exercised the power to issue writs of *certiorari* directed to the probate courts of this State, and such writs can be issued only from superior to inferior jurisdictions.—*Fowler v. Trewhit,* 10 Ala. 622; *Stout v. Ward, Ib.* 628; *Cawthorne v. Weisenger,* 6 Ala. 714. The City Court of Mobile has jurisdiction, in all cases of a civil nature, identical and co-extensive with that of the circuit courts under the constitution and statutes of the State, excepting only the power to try titles to land.—Acts 1871–2, p. 109.

From the final judgment of any circuit or city court, granting or refusing such remedial writs, an appeal is expressly authorized to be taken to this court.—Acts 1878–9, p. 150, § 3 ; Code, 1876, § 3923.

We conclude, therefore, that the court below had jurisdiction of the case as made by the appellant's petition.

But, in the particular aspect in which the case is presented, and the return made by the respondent to the rule *nisi* averring compliance with its mandate, we can see no error in the rulings of the court on the several demurrers, or in its final judgment refusing the peremptory writ and dimissing the petition.

The rules of law applicable to the case are simple and well settled. The writ of *mandamus* will lie from a superior to an inferior or subordinate court, in a proper case, to compel it to *hear and decide* a controversy of which it has jurisdiction; or, where the cause has been heard, to compel such inferior court to *render judgment* or *enter a decree* in the given case. But its use is not warranted to direct *what particular judgment* shall be rendered in a pending cause, nor is it the proper function of such remedial writ to re-examine, or correct errors in any judgment or decree so rendered. " The rule applies to judicial as well as to ministerial acts, but it does not apply at all to a judicial act to correct an error, as where the act has been *erroneously* performed. If the duty is unperformed, and it be judicial in its character, the mandate will be to the judge directing him to exercise his judicial discretion or judgment, without any direction as to *the manner* in which it shall be done ; or if it be ministerial, the *mandamus* will direct the specific act to be performed."—*Ex parte Newman,* 14 Wall. 152, 169; High on Extr. Rem. §§ 150–152, 266; *Ex parte Schmidt,* 62 Ala. 252; *Ex parte Mahone,* 30 Ala. 49. The principle, of course, universally prevails, that in no event will the writ ever be awarded where *full and adequate* relief can be had by appeal, writ of error, or otherwise.—*Ex parte South & North R. R. Co.,* 65 Ala. 599; High on Extr. Rem. § 10.

The sole design of the present petition, as conclusively shown both by its allegations and its prayer, is to compel the

respondent, in his official capacity, as judge of probate, to render a judgment or decree in a pending cause, and enter the same of record as required by law.

The mandatory clause of the alternative writ, as usual in such cases, commands the respondent to *perform such act*, as prayed for by the petitioners, or else to show cause why it should not be done. The respondent thus has the option clearly to comply with the mandate of the writ, or to question its sufficiency *in law* by demurrer, or motion to quash, or *in fact* by plea, or answer. In other words, he may obey, or show proper excuse for not obeying. Where he elects to obey the writ, it is sufficient to set forth this fact by way of return, averring with sufficient certainty and clearness his compliance with the mandate of the court, substantially "following the mandatory clause of the writ, and stating his performance of the duty as by the writ commanded."—High on Extr. Rem. § 465.

The return or answer to the writ, made by the respondent in this cause, shows that he had adjudicated and determined the pending matters of settlement before him, and had entered his final decree of record, as required by the mandate of the writ. This was a sufficient return to the alternative writ, in the aspect of the case as made by the petition, and left no room for the operation of a peremptory writ making the rule *nisi* final. High on Extr. Rem. § 465; *Universalist Church v. Trustees*, 27 Amer. Dec. 267.

It is true that the replication and other pleadings in effect aver and admit that this judgment or decree was, in truth and fact, rendered on the 5th of November, 1881, and not on the 11th of July, 1881, as it purports to have been, and that it was erroneously dated, in such manner as to deprive the petitioner of the benefit of an appeal on bill of exceptions alleged to have been taken in proper time. These averments constitute a departure from the case as originally made by the petition. The purpose of this proceeding is to compel the respondent to *render* and *record* a decree. The new case, as sought to be made by the replication, is to have the *date of a decree corrected*, which had already been rendered and recorded. This is a manifest variance in the pleadings.

The argument may be sound, that a decree written out by the probate judge and not recorded, or filed in his office among the papers of the cause to which it relates, ordinarily, is not a valid or legal decree or judgment. So it clearly seems true that every such decree ought to be dated when it is filed in the office, as a paper in the cause, and not before or after, and that the dating of such decree is a mere ministerial act, as distinguished from the judicial act of its rendition, and the discre-

tionary power of determining its terms, conditions or contents. These propositions we are strongly inclined to favor, but as they are not before us necessarily for our consideration, we do not now undertake to decide them.

There is no error in the rulings or judgment of the City Court, and the judgment is affirmed.