24 So.2d 129

## PETCHER v. NELSON.

### I Div. 238.

Supreme Court of Alabama.
Dec. 20, 1945.

Rittenhouse M. Smith, of Mobile, for appellant.

Wm. C. Taylor, of Mobile, for appellee.

BROWN, Justice.

Bill by appellee, filed under the provisions of §§ 1109, 1110, Title 7, Code 1940, to quiet title to certain specifically described lands located in Mobile County, against appellant and others. The appellant filed a motion with answer and cross bill alleging in substance that, the lands were sold and bought in by the state for taxes in the year 1936, and that the complainant bought from the state, through the land commission in September 1939; that prior to the sale of the lands for taxes, defendant, appellant here, bought certain of the lands from the owner thereof in 1934, and, for value the title thereto was conveyed to appellant, praying that the court ascertain the amount paid by the purchaser, together with interest and a reasonable attorney's fee, and that he be allowed to redeem. Said motion and the cross bill is rested on the provisions of § 296, Tit. 51, Code 1940, construed and applied in Morris v. Card, 223 Ala. 254, 135 So. 340; Burdett v. Rossiter, 220 Ala. 631, 127 So. 202, and other cases.

Upon the filing of said motion and the answer and cross bill, on his motion the complainant was allowed to amend the original bill by striking the name of appellant as a party defendant and striking from the bill the description of the lands described in the motion to redeem and the cross bill, and from order allowing the amendment, this appeal was prosecuted.

Said order, in the circumstances stated, was not a final decree disposing of the asserted rights of the appellant; nor is it such interlocutory decree as will support the appeal. Code 1940, Tit. 7, §§ 754, 755.

The appellant was not prejudiced in respect to the statutory right by the order allowing said amendment. Such right as appellant had to redeem was preserved by his motion made under the statutes and his cross bill. In Ex parte Jones, 133 Ala. 212, 32 So. 643, the original bill was dismissed, and its dismissal carried with it the legal defense of set-off, which was not barred when the bill was filed, but was barred by the statute of limitations on the date of its dismissal, so that it could not be asserted in a subsequent suit at law.

The appeal being such as not to confer jurisdiction on this court, it will be dismissed ex mero motu.

Appeal dismissed.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.