37 So.2d 520

**TANNER v. DOBBINS.**

**8 Div. 410.**

Supreme Court of Alabama.

Oct. 7, 1948.

Rehearing Denied Dec. 2, 1948.

S. A. Lynne, Julian Harris and Norman W. Harris, all of Decatur, for appellant.

Bryan McAfee and Melvin Hutson, both of Decatur, for appellee.

LAWSON, Justice.

Appellee filed her bill of complaint in the circuit court of Morgan County, in equity, to have that court establish and define an uncertain or disputed boundary line between alleged coterminous lands of appellee and appellant. Sections 2, 3, and 4, Title 47, Code 1940; § 129, subdiv. 5, Title 13, Code 1940. Appellee, complainant, alleged that a designated quarter section line divided the lands of the parties; that her lands were bounded on the east by said quarter section line, and that appellant's lands were bounded on the west by said quarter section line.

Appellant answered and in effect claimed by adverse possession land up to "a line running north and south, commencing at a point on the south line of Section 33, Township 7, Range 5 West, and which is located at a cedar stob, and running from said stob in a northerly direction along a ditch for a distance of approximately 600 feet to a fence, and running thence north along said fence to the northwest corner of the land of the defendant."

The testimony was taken by deposition. Notes of testimony by the respective parties were filed July 14, 1947. On July 30, 1947, the trial court entered the following order:

"Order Ordering Survey

"Rosalee Dobbins, Complainant, v. "T. A. Tanner, Respondent.

In the Circuit Court of Morgan County, Alabama, In Equity.

"This cause, coming on to be heard, is submitted for final decree upon the pleading and proof as noted by the Register.

"It appears to the Court that the complainant is the owner of the fee simple title to the SW ¼ of the SE ¼ and the NW ¼ of the SE ¼, except 11 acres in the NE corner, and except 14½ acres evenly off the west side, all in Section 33, Township 7, Range 5 West, situated, lying and being in the County of Morgan, State of Alabama.

"It further appears that the said respondent is the owner of the NE ¼ of the SE¼, and the SE ¼ of the SE ¼, all in Section 33, Township 7, Range 5 West, situated, lying and being in the County of Morgan, State of Alabama.

"It further appears to the Court that the boundary line between these coterminous owners is in dispute.

"After considering all of the matters presented in this case, the Court finds, and it is so ordered, adjudged and decreed, that a controversy and dispute exists between the complainant and the respondent as to the correct location of the boundary line separating the two pieces of property owned by the respective parties. The Court is of the opinion, and it is so ordered, adjudged and decreed, that a survey is pertinent and material to the determination of the issues in said cause, or to enable the Court to properly enter a decree in said suit, and that such survey is advisable.

"It is further ordered, adjudged and decreed by the Court that the parties to this cause show cause, if any, why such survey should not be made, as proposed herein. It is further ordered, adjudged and decreed

that any objections to said proposed survey shall be filed with the Court on or before August 16, 1947, at 10 o'clock, A.M., and that the Court will proceed to hear any such objections which may be filed at said time and place. It is further ordered, adjudged and decreed that a copy of this decree be served upon the attorneys for the respective parties at least 10 days prior to August 16, 1947.

"All other matters pertaining to this cause are hereby reserved.

"Dated, this July 30, 1947.

"Newton B. Powell, Judge.

"Filed and enrolled July 30, 1947.

"H. Harrison Hill,

"Special Register.'

Thereafter and prior to August 11, 1947, the respondent filed a motion for rehearing. On August 11th the respondent's motion for a rehearing was set for a hearing before the trial court on August 16, 1947. On September 13, 1947, the trial court entered the following decree:

### Decree

"Rosalee Dobbins, Complainant,  
    vs.  
T. A. Tanner, Respondent.

Circuit Court of Morgan County, Alabama, In Equity.

"This cause coming on to be heard is submitted for decree on motion of the respondent to set aside and vacate a decree of this Court dated July 30th, 1947 ordering a survey to determine a disputed boundary line between property of the complainant and the respondent, and fixing the time in which objection to the survey could be made.

"Before the time expired in which objections to the proposed survey could be made, the respondent filed his motion to set aside the decree, and the Court set the motion down for hearing, and suspended the matter of filing objections to the proposed survey until after a determination of the matters set up in the motion.

"After arguments on the motion the Court has re-examined the evidence in this cause with much scrutiny, seeking to find that line which separates the two pieces of property. After re-reading the evidence several times and considering the matters presented by the arguments and briefs filed in the cause, the Court cannot escape the conclusion that (1) the location of the original true line separating the two quarter sections of land is unknown; and (2) there has not been established by adverse possession or the rule of repose or otherwise a dividing line between the two pieces of land.

"It is, therefore, ordered, adjudged and decreed by the Court that the motion to set aside and vacate the decree of July 30th, 1947, be, and the same is hereby overruled.

"It is further ordered, adjudged, and decreed by the Court that the parties to this cause show cause, if any there be, why such survey as provided for in the decree of July 30th, 1947 should not be made, and any objection to said proposed survey shall be filed with the Court on or before October 2nd, 1947 at 10 A.M., and the Court will proceed to hear at that time any such objections which may be filed. It is further ordered, adjudged and decreed by the Court that a copy of this decree be served upon one of the solicitors for the respective parties at least 10 days prior to October 2nd, 1947.

"All other matters pertaining to this cause are hereby reserved.

"This, the 13th day of September, 1947.

"Newton B. Powell,

"Circuit Judge."

On September 22, 1947, it having been made known to the court that the respondent desired to appeal to this court from the decree rendered on July 30, 1947, the trial court fixed the amount of the supersedeas bond at the sum of $250. On September 24, 1947, supersedeas bond was executed and appeal perfected to this court from the decree rendered on July 30, 1947.

■ This appeal must be dismissed ex mero motu for the reason that this court has no jurisdiction to hear and determine the matter sought to be presented for review, in that the appeal is not from a final decree. Jackson v. Jackson, 211 Ala. 277, 100 So. 332; Holland et al. v. Dwight Mfg. Co., 231 Ala. 506, 165 So. 756; Petcher v. Nelson, 247 Ala. 301, 24 So.2d 129.

■ The decree of July 30, 1947, from which this appeal is taken, does not fix the boundary line between these parties. It indicates that the court will ultimately en-

ter a decree fixing the boundary line between the parties as prayed for by the complainant. But that is a matter yet to be finally decreed by the court. The decree does nothing more than comply with the provisions of §§ 5–12, Title 47, Code 1940, which authorize the court, while a suit of this kind is pending, to direct that a survey be made by a competent surveyor of the lands involved, so that the correct boundary line may be accurately fixed by the court. In Stansell v. Tharp, 245 Ala. 270, 16 So.2d 857, we held ·that such a decree providing for the appointment of a surveyor is interlocutory and subject to alteration at any time before a final decree.

It is not contended that the decree of September 13, 1947, will support an appeal. In fact, no appeal was attempted to be perfected from that decree. It does strongly indicate that the trial court in ordering the survey has concluded that the final decree, when rendered, will be in accordance with the prayer of complainant's bill, but no such decree appears in this record.

The appellant, being apprehensive as to whether or not an appeal would lie from the decree of July 30, 1947, submitted this cause on the merits and on motion or petition for writ of mandamus to be directed to the trial court commanding him to vacate and set aside the decrees rendered on July 30, 1947, and September 13, 1947, and to require him to render a decree adjudicating the true boundary line between the lands of the parties in accordance with the respondent's contention as to the location of said boundary line.

 To authorize the issuance of a writ of mandamus, there must be a clear legal right, and no other adequate remedy. The writ lies to compel the execution of ministerial duties in all proper cases. As to judicial functions, the rule is different. The writ will be awarded to compel courts to entertain jurisdiction and pronounce judgment in the premises. It will not be awarded to order or direct what judgment shall be rendered in any given case. The reason of the latter rule is that there is an adequate remedy in appeals, which lie from all final judgments on decrees of courts of record. Ex parte Wright, 225 Ala. 220,

142 So. 672; State ex rel. Pinney v. Williams, 69 Ala. 311; Ex parte Tower Manufacturing Co. et al., 103 Ala. 415, 15 So. 836.

No authorities in support of his contention that the writ of mandamus should issue in this case are cited by appellant. In effect appellant says that although the trial court has not rendered a final decree, yet it is clear that when the decree is rendered it will be against his contention and, therefore, pending the rendition of the final decree this court should act to require the trial court to enter a decree in his favor. Such is not the function of the extraordinary remedy of mandamus. The trial court, as before indicated, is expressly given the power and authority to order that a survey be made of the lands involved to the end that it can proceed to finally fix and declare the boundary line between these coterminous lands. When the final decree is rendered, the appellant may appeal therefrom if it is adverse to him. As the matter now stands, no final decree has been rendered in favor of the complainant or against the respondent.

Appeal dismissed. Petition for mandamus denied.

BROWN, FOSTER and STAKELY, JJ., concur.