226 So.2d 153

**Lucinda Ernestine EAST**

**v.**

**Ashford TODD, Judge of Probate.**

**8 Div. 264.**

Supreme Court of Alabama.

April 17, 1969.

Rehearing Denied July 31, 1969.

Wm. M. Acker, Jr., and Smyer, White, Reid & Acker, Birmingham, and Curtis C.

**496**

Carson, Jr., Philadelphia, Pa., for appellant.

MacDonald Gallion, Atty. Gen., and Robt. E. Willisson, Special Asst. Atty. Gen., for appellee.

PER CURIAM.

This is an appeal from a judgment of the Circuit Court denying a petition for Mandamus to the Probate Court of Madison County, Alabama, and, after sustaining demurrers to the petition, dismissing the same.

The ruling was on a motion by the property owner requesting the Probate Court to set aside and hold for naught the report of Commissioners, fixing the amount of compensation to which the owners of the property were entitled to receive for the property condemned.

The facts recited in the petition for Mandamus are as follows:

The State of Alabama filed in the Probate Court of Madison County, on November 17, 1966, an application seeking to condemn certain real property for highway purposes. Petitioner, Lucinda Ernestine East, a nonresident, was named in said application as one of the owners of said property. On December 14, 1966, Respondent, Probate Judge of Madison County,

granted the application, and on December 20, 1966, appointed Commissioners to assess the damages. Later, and on December 29, 1966, Petitioner appeared before the Commissioners, with counsel, at a hearing called to take evidence bearing on the question of compensation to which the owners were entitled. At the hearing, one of the Commissioners asked what the State offered the owners for the property to be taken, and another Commissioner replied "$26,850.00."

■ It should be here noted that the record shows no protest to any part of this procedure by counsel for the property owner. Also, that neither the State nor the appellant offered any evidence, at this hearing, of the value of the property sought to be acquired. We fully agree that the evidence here volunteered by one of the Commissioners was inadmissible. Pickens County v. Jordan, 239 Ala. 589, 196 So. 121; Indemnity Co. of America v. Pugh, 222 Ala. 251, 132 So. 165. We also recognize some duty on counsel to object or invoke a ruling to exclude and instruct the Commissioners that said evidence was not to be considered.

Later, on January 6, 1967, the Commissioners filed a sworn report fixing the amount of compensation at $26,250.00. This report included a statement "we and each of us do hereby certify that neither of us have ever been consulted, advised with or approached by any person in reference to the value of the lands or the proceedings to condemn same *prior to our appointment.*" (Emphasis supplied.)

On January 10, 1967, Petitioner filed a motion to set aside the report of Commissioners, averring that said report was illegal and void.

On January 13, 1967, the State filed an answer to said motion.

On January 18, 1967, the Respondent heard arguments and took testimony on said motion. Thereafter, and on the same date, the Respondent denied the motion and *thereafter granted an order of condemnation.*

On January 18, 1967, the Petition for Mandamus was filed in the Circuit Court and the alternative writ issued to the Respondent, the Probate Judge of said county.

Thereafter, the Respondent filed a verified return as follows:

"Comes now the Respondent, Ashford Todd, Judge of Madison County, Alabama, and respectfully shows unto the Court as follows:

"1. Respondents (sic) admits the allegations contained in Paragraph 1.

"2. Respondent admits the allegations contained in Paragraph 2.

"3. Respondents (sic) admits the allegations contained in Paragraph 3.

"4. Respondent admits the allegations contained in Paragraph 4.

"5. Respondent admits the allegations contained in Paragraph 5, and for further answer says that the special knowledge of one of the Commissioners concerning the offer of the State to purchase the property did not prejudice the Petitioner's position for that the Commissioners took all evidence offered at the hearing and a view of the property into consideration in establishing the amount of the award. Furthermore, that although the Petitioner has a right to present new evidence at said hearing and to object to the introduction of any evidence or to the proceedings relative thereto, that the Petitioner did nothing in that she did not offer evidence of the value of the property, nor did she request any special instructions concerning the use of the special knowledge of one of the Commissioners in regard to the State's offer. The Respondent further says that even if the knowledge of the State's offer had a prejudicial bearing on the outcome of the Commissioners' report, still the Respondent does not have the jurisdiction to set aside

the Commissioners' report and to order new commissioners to be appointed for the purpose of taking testimony and evidence on the value of the property or that, under the laws of the State of Alabama, the Respondent is required to enter the Report of the Commissioners and to make the Final Order of Condemnation consistent with the Report.

"6. Respondent admits the allegations of Paragraph 6.

"7. Respondent admits the allegations of Paragraph 7.

"8. Respondent admits the allegations of Paragraph 8.

"9. Respondent admits the allegations of Paragraph 9, and for further answer says that the special knowledge of one of the Commissioners and the fact that he made it known to the other Commissioners was not prejudicial to the Petitioner's case.

"10. Respondent admits the allegations contained in Paragraph 10, and for further answer says that the Petitioner ought not receive the relief prayed for in this Petition for it affirmatively appears that after the Respondent denied the Motion to set aside the Report of the Commissioners and refused to appoint new Commissioners, he acted in accordance with the law by entering his final Order of Condemnation and that in order to receive the relief prayed for in this Petition, the Respondent would be required not only to set aside the Report of the Commissioners and appoint new Commissioners but also to vacate a Final Order of Condemnation, which has already been entered in this cause.

"11. Respondent denies the allegations contained in Paragraph 11 and says that there is an adequate remedy at law, viz., a trial de novo on appeal to the Circuit Court of Madison County, Alabama.

"WHERETOFORE having fully answered the Petition for a mandamus heretofore filed, the Respondent respectfully prays that this Honorable Court will make and enter its Order denying the issuance of the mandamus and that the Respondent be discharged with his costs in this behalf expended.

> "Ashford Todd
> Judge of Probate of Madison
> County, Alabama."

Also, by and through counsel, a demurrer was filed to the petition, as follows:

"Comes now the Respondent, Ashford Todd, Judge of Probate of Madison County, Alabama, and demurs to the Petition for Writ of Mandamus heretofore filed and as grounds therefor, separately and severally, sets out the following:

"1. There is an adequate remedy at law, in that the proceedings in which this action arises is subject to de novo trial in Circuit Court.

"2. Knowledge on the part of one of the Commissioners is alleged as a conclusion of the pleader.

"3. The Petition fails to allege that the supposed knowledge on the part of one of the Commissioners in any way prejudiced the outcome of the Probate proceedings.

"4. The action sought by the Petitioner cannot, as a matter of law, be accomplished. The Probate Judge does not have the jurisdiction to set aside the Report of the Commissioners and appoint new commissioners under the laws of eminent domain for the State of Alabama.

> "Morring, Giles,
> Watson & Willisson
> By Robert E. Willission"

On February 8, 1967, the Circuit Court of Madison County, Alabama, entered an order sustaining the demurrer to the petition and thereafter dismissed the same and taxed costs against the Petitioner. The order reads:

"This cause coming on to be heard by the Court on a Petition for Writ of Man-

damus, on the Alternative Writ heretofore issued by this Court, and on the Demurrer and Return filed in this cause by the Respondent, and this being the day heretofore set for the hearing of this cause, and the Court having heard and considered the evidence offered by the Petitioner and the argument of counsel for Petitioner and Respondent, is of the opinion that the Demurrer by Respondent to the Petition is well taken and is due to be sustained and is further of the opinion that the Petition for Writ of Mandamus in this cause cannot be amended to state a cause of action for which the Writ should issue and should be dismissed.

"IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court that the Demurrer by the Respondent be and the same is hereby sustained and the Petition for Writ of Mandamus is hereby dismissed and costs taxed to the Petitioner for which execution may issue.

"This the 8th day of February, 1967.

"Thomas N. Younger
Circuit Judge"

Appellant makes two assignments of error, one on the ruling of the court in sustaining the demurrer to the petition, and two, the action of the court in dismissing the petition.

In brief, appellant discusses separately the insufficiency of the demurrers to invoke the ruling of the trial court. The first ground of demurrer suggests an adequate remedy at law, relying on the provisions of an appeal to the circuit court with a trial de novo.

■ As a general rule, mandamus does not lie where there is another plain, speedy, and adequate remedy available. The remedy which will supersede mandamus may be described in general terms as one competent to afford relief on the very subject matter in question, and which is

equally convenient, beneficial, and effectual. 55 C.J.S. Mandamus § 17(b).

The fourth ground of demurrer presents the question of the authority of the Respondent to grant the motion of the Petitioner presented by the property owner to the Probate Judge. Regardless of the authority to grant the relief, the court did hear the motion after an answer by the State and after the case had been set for hearing. The Petition for Writ of Mandamus states, in pertinent part, as follows:

"9. On to-wit: January 18, 1967, Respondent heard arguments and took testimony on the said Motion to Set Aside the Report of the Commissioners. On that occasion, the testimony, under oath, was uncontradicted to the effect that one of the Commissioners had asked during the hearing, the amount of the State's offer and that another Commissioner had responded '26,850.00.'

"10. After said hearing and uncontradicted testimony Respondent denied the Motion to Set Aside the Report of the Commissioners and refused to appoint new Commissioners and on to-wit: January 18, 1967, granted an Order of Condemnation."

We are not here presented with a writ to direct Respondent to perform a ministerial act. Here, there was a judicial hearing, presenting a mixed question of law and fact. The judge heard testimony along with argument of counsel and thereafter denied the motion.

■ Mandamus may issue to compel the exercise of judicial discretion, but not to compel its exercise in a particular manner, or to control or review its exercise, except in the case of an abuse of discretion. 55 C.J.S. Mandamus § 73.

It is suggested by the appellee that the Petitioner should have filed a motion for a new trial. We do have authority for such procedure in Housing Authority of Birmingham Dist. v. Abney, 241 Ala. 256, 2 So.2d 428. The court there held "The au-

thorities seem to be agreed that a motion for a new trial may be made in ad quod damnum proceedings, after verdict fixing the damages, although the proceedings are purely statutory and the jurisdiction conferred is a limited jurisdiction * * *."

 In either event, whether a motion for a new trial was filed or the motion as here presented and ruled on by the Probate Court, it was a judicial proceeding. It was a proceeding that required deliberation and decision. Clearly, this type of proceeding is not subject to review by mandamus.

Finally, we come to the decision of the Circuit Court, supra, wherein it was stated: "* * * and the Court having heard and considered the evidence offered by the Petitioner * * *, is of the opinion that the Demurrer by Respondent to the Petition is well taken and is due to be sustained * * *."

■ The record is silent about testimony offered, but we are not here concerned with this omission. The answer to the alternative writ was not controverted or put in issue, and may be taken as true. Tingle v. J. D. Pittman Tractor Co., 267 Ala. 29, 99 So.2d 435.

In addition to the above, the Petition itself, paragraph 10, shows in the last sentence that the Respondent, on January 18, 1967, *granted an order of condemnation.* In State ex rel. Burns v. Phillips, 250 Ala. 120, 33 So.2d 239, this Court held "[a]fter a cause has been heard and determined by a disqualified judge, mandamus cannot be issued to him commanding him not to do what he has already done." There, the Probate Court had overruled a motion to recuse himself from the trial and made an order of condemnation. The Court held that the trial judge correctly dismissed the petition as being moot. The Court then declined to consider the allegations of bias made in the petition. We have the same situation in this case. Here, the Petition shows on its face that the Respondent had entered the order of condemnation before the Petition for Writ of Mandamus was filed.

■ We, therefore, hold that the trial judge correctly sustained the demurrers to the Petition and correcty dismissed it. It being moot, no proposed amendment could breathe life into it, and this Court cannot be concerned with questions of whether the conduct at the hearing and subsequent appraisal and report were improper or void, or whether the evidence received by the Commissioners was illegal.

The judgment of the trial court is affirmed.

The foregoing opinion was prepared by J. EDGAR BOWRON, Supernumerary Circuit Judge, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, HARWOOD and BLOODWORTH, JJ., concur.