369 So.2d 32 (1979)
In re STATE of Alabama
v.
Charles William CANNON.
Ex parte Charles William CANNON.
Re ex parte STATE of Alabama ex rel. ATTORNEY GENERAL.
77-675.
Supreme Court of Alabama.
February 9, 1979.
Rehearing Denied March 9, 1979.
*33 Robert R. Bryan, Birmingham, for petitioner.
William J. Baxley, Atty. Gen., Montgomery and Barry V. Hutner, Asst. Atty. Gen., Birmingham, for the State, respondent.
PER CURIAM.
The State of Alabama charged Charles William Cannon with the murder of the manager of a Birmingham service station on the night of May 31, 1972. Trial was held in the Tenth Judicial Circuit in Birmingham in 1973, and the jury convicted petitioner of second degree murder. The conviction was subsequently affirmed by the Court of Criminal Appeals in 1974. Petitioner then sought relief in the United States District Court for the Northern Division of Alabama by means of a petition for writ of habeas corpus which was denied.
On July 12, 1977, the Court of Appeals for the Fifth Circuit reversed the conviction. The State filed a petition for writ of certiorari to the United States Supreme Court. The writ was denied. Trial was then rescheduled for May 22, 1978, in the Jefferson County Circuit Court. Petitioner filed a motion to dismiss because numerous prosecution and defense exhibits admitted into evidence at the original trial had somehow been disposed of or destroyed. Following a hearing, the trial court entered an order dismissing the cause: "[T]his case has, through no fault of the District Attorney's office or the Defendant's attorney, been reduced to a shambles." As a brief aside, we note that a recent amendment[1] to ARAP 10(c) provides a new procedure in respect to custody of trial exhibits.
Subsequent to the dismissal, the prosecution located a missing witness and submitted an application for reconsideration to the trial court on June 20, 1978. At the completion of a hearing on this motion, the trial court entered an order denying and overruling the application.
On June 28, 1978, the State of Alabama filed a petition for writ of mandamus in the Court of Criminal Appeals requesting that court to order the trial court to set aside its two previous orders and place the case back on the trial docket. The Court of Criminal Appeals issued the writ to the trial court "commanding and requiring him to rescind and hold for naught his orders of May 22, 1978, and June 23, 1978, and to forthwith restore the said case to the trial docket in Jefferson County, Alabama, and set a trial date in the case." We granted certiorari to review the decision of the Court of Criminal Appeals, 369 So.2d 32.
Mandamus is an extraordinary remedy and will lie to compel the exercise of discretion, but not to compel its exercise in a particular manner except where there is an abuse of discretion. East v. Todd, 284 Ala. 495, 226 So.2d 153 (1969); Ex parte Morrow, 259 Ala. 250, 66 So.2d 130 (1953). Mandamus is also proper to compel the court to perform ministerial duties and to entertain jurisdiction, Tanner v. Dobbins, 251 Ala. 392, 37 So.2d 520 (1948); however, it does not lie to review the proceedings of an inferior court on the ground that they were erroneous, State ex rel. Pinney v. Williams, 69 Ala. 311 (1881). Nor is mandamus a substitute for appeal. Ex parte McElroy, 241 Ala. 554, 4 So.2d 437 (1941).
*34 In the instant case, after the fifth circuit's reversal of the conviction, trial was rescheduled for May 22, 1978, on which date petitioner's motion to dismiss was granted at the conclusion of a hearing. The trial court subsequently proceeded with another full hearing upon application of the State. In both instances the court conducted extensive hearings including a review of the original trial transcript. Therefore, this is not a case where the trial court refused to entertain jurisdiction or to hear and decide the matter. Nor can we say that the trial court's ruling was so arbitrary and capricious as to amount to an abuse of discretion.
The trial court did not dismiss the case for insufficiency of the evidence. Rather, the court determined that it would be a denial of due process to try the case since, with the destruction of the evidence, defendant could not meaningfully controvert the State's case. Forty-one defense and eighteen State exhibits were destroyed or lost. Among other things, the trial court determined that the defense would be unable to adequately cross-examine the alleged eye witness to the crime. Moreover, the defense would be unable to show by introduction of a payroll stub that a person placed by the eye witness with defendant at the scene of the crime was in fact in another state. The trial court stated:
If the case ever got to a jury the verdict, whatever it be, could only be the result of blind chance not predicated on jury understanding or evaluation of evidence.
. . . . . .
Due process of law as applied here means nothing more than a person shall be afforded a fair trial or that a defendant shall have the opportunity of controverting any fact bearing on the question of his guilt and a right to produce facts to the contrary.
. . . . . .
If only a few items of evidence were missing perhaps this Court could validly evaluate their import in the trial and on the jury. With everything gone it is a task this Court feels it cannot legally undertake or conclusion reach.
Since none of the grounds for issuance of mandamus are present, mandamus does not lie and was improperly issued. Accordingly, this case is remanded to the Court of Criminal Appeals for entry of an order consistent with the views stated herein.
REVERSED AND REMANDED.
TORBERT, C. J., and BLOODWORTH, FAULKNER, JONES, SHORES, and BEATTY, JJ., concur.
MADDOX, J., with whom EMBRY, J., joins, dissents.
MADDOX, Justice (dissenting).
A trial judge, who quashes an indictment, before trial, on the ground that he believes the state cannot prove the charge, abuses his discretion, as a matter of law, in my opinion. Furthermore, under Appellate Rules of Procedure extant at the time Cannon's case was decided, he could have requested a return of the exhibits, which he now claims the state "lost." The state did not "lose" the exhibits; they were disposed of, as provided by law. Therefore, the fact that "prosecution and defense exhibits admitted into evidence at the original trial had somehow been disposed of or destroyed" does not show bad faith on the part of the state. The law in effect at the time permitted the destruction of trial exhibits. Supreme Court Rule 51 (appendix to Title 7, Code of Alabama, 1940, Recomp., 1958) provided, in part:
"Within thirty (30) days after the final disposition of any appeal, the attorney or party shall request that the clerk of the supreme court forward to such attorney or party any exhibits which may have been filed in the supreme court. Upon the failure of the attorney or party to make such request, the clerk is authorized to destroy or dispose of such exhibits."
At that time, there was no duty on the state to retain trial exhibits; in fact, there was specific authorization to destroy them.
There is one further reason why I would affirm. The American Bar Association Standards Relating to the Administration *35 of Criminal Justice recommend appellate review of pretrial orders which terminate the prosecution. § 1.4, Criminal Appeals. In my opinion, the supervisory writ of mandamus is an appropriate procedural method for the prosecution to review an order such as the one issued here. The State could not appeal the order; nevertheless, I believe the Court of Criminal Appeals, under its broad supervisory power could make sure that justice was done.
This Court and many other courts have used and cited the ABA Standards as guidelines for minimal due process requirements when applied to the accused. The ABA Standards, however, do not merely address the rights of the accused, but also address the rights of the public to a fair administration of justice. The ABA Standards and a special committee of Alabama lawyers and jurists who made an analysis of the ABA Standards with Alabama law and rules, both recommend that there should be review of orders such as was entered here. On a case by case basis, I would allow review by extraordinary writ whether a trial judge had abused his discretion in dismissing an indictment, with prejudice, as was true here. Therefore, I dissent.
EMBRY, J., concurs.
NOTES
[1] The amendment reads in part as follows:

The papers, documents, written charges, etc., and said exhibits shall be photocopied into the record by the clerk unless such papers, documents and exhibits, etc., are incapable of being legibly or otherwise photocopied. The originals of such papers, documents and exhibits incapable of being legibly or otherwise photocopied, including those of unusual weight and bulk, shall be made a part of the record on appeal by reference, and retained in the office of the clerk of the trial court. Such exhibits shall be filed in the appellate court only upon order of the Court of Criminal Appeals and shall be returned to the clerk of the trial court upon final disposition of the appeal. Original photographs which were offered or admitted as exhibits shall be placed on pages in the clerk's portion of the record on appeal by a suitable attachment or cohesive method.