SHORES, Justice.
This proceeding was commenced when NP Mining Company, Inc. and Nickel Plate Mining Company, Inc. (hereinafter collectively referred to as NP) filed an action for declaratory judgment seeking construction of a $500,000 promissory note made by NP *468 and payable to petitioners, Osborns (hereinafter referred to as Osborns). The payments on the note depended on the number of tons of coal mined under an agreement between the parties.
Shortly before trial was set in the declaratory judgment action, NP attempted to consolidate with it another action which was pending on what both the parties and the trial court referred to as the “law side” of the court. In its motion for consolidation, NP alleged that both actions arose out of the same controversy surrounding the sale, purchase and interrelationship of two jointly owned companies, and involved identical parties or parties with identical interests. The motion to consolidate was denied by the trial judge, although he agreed to consider staying execution of any judgment which might be entered against NP in the declaratory judgment action pending the outcome of the suit “at law.” The case went to trial, and the Osborns eventually obtained a judgment against NP in the amount of $330,526.77. Costs of the action were taxed equally between the plaintiffs and defendants; the court gave no explanation of this action. NP then moved for a new trial, or, in the event that motion was denied, for a stay of execution pending final determination of the action “at law.” The court granted a 90-day stay of execution.
The Osborns now petition this court for a writ of mandamus directing the circuit court to vacate its stay of execution. They also contend that the trial court should state its reasons for taxing costs to both parties, and pray that, the court be directed to do so. An appeal was filed simultaneously with the petition for mandamus in the event mandamus was not the appropriate method of review of the trial court’s action.
NP contends that the trial court has the authority to stay execution of the judgment, both through its inherent powers as a “court of equity” and pertinent to Rule 60(b)(6) of the Alabama Rules of Civil Procedure. That rule allows a trial court to “ . , . relieve a party . . . from a final judgment . . ,," for “ . . . any other reason justifying relief . ..” NP also asserts that the petition for mandamus should be denied since an adequate remedy by appeal exists.
We find no merit in either of these contentions. Although a stay of proceedings prior to judgment so as to await the decision of another court is within the inherent power of the court to control its docket, Landis v. North American Co., 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153 (1936); 2 Champ Lyons, Jr., Alabama Practice: Rules of Civil Procedure Anno. 512 (1973); once a final judgment has been rendered, a trial court must proceed under ARCP 62— STAY OF PROCEEDINGS TO ENFORCE A JUDGMENT. See, e. g., In re Massachusetts Helicopter Airlines, Inc., 469 F.2d 439 (1st Cir. 1972); Pioche Mines Consolidated, Inc. v. Dolman, 336 F.2d 789 (9th Cir. 1964). Rule 62 allows the trial judge to stay execution pending disposition of motions filed under Rules 50, 52, 59 or 60. Rules 50 and 52 are inapplicable here. Although NP did move for a new trial under Rule 59, that motion was implicitly denied by the grant of the stay of execution, since, by its own terms, the motion requested the stay only in the event that the motion for a new trial was denied. Nor can NP rely on Rule 60(b)(6). Rule 60 “ . . . specifies certain limited grounds upon which final judgments may be attacked, even after the normal procedures of motion for a new trial and appeal are no longer available. . .” ARCP 60, Committee Comments. Provisions 60(b)(l — 5) enumerate specific grounds for attack; 60(b)(6) allows attack on a judgment for “ . . . any other reason justifying relief from the operation of the judgment . . ..” In this case, no substantive attack on the judgment is being made; indeed, NP waived its right to appeal. Thus, we can find no authority for the trial court’s grant of the stay of execution. Although NP cites us to cases which have allowed a trial court to offset one judgment against another, we note that NP has obtained no verdict against the Osborns— but has only an unliquidated and unproved claim pending against them and others in the Circuit Court of Jefferson County,
*469 We are similarly unpersuaded that mandamus is an inappropriate remedy for the wrong suffered by petitioners. Mandamus is an extraordinary legal remedy grantable when petitioner shows a clear, specific legal right and no other adequate remedy. Tanner v. Dobbins, 251 Ala. 392, 37 So.2d 520 (1948). Here, the Osborns have obtained a final judgment against NP in the amount of $330,526.77, but are unable to enforce it because the trial court has granted a stay of execution on the judgment, which NP concedes is valid. While review of the court’s action may also be available by appeal, NP will meanwhile have the unrestricted use of over $300,000, having waived its right of appeal and without having posted any security to protect the rights of the judgment holder. In such a situation, mandamus has often been held appropriate. Wilson v. Duncan, 114 Ala. 659, 21 So. 1017 (1896). As stated in Ex parte Tower Mfg. Co., 103 Ala. 415, 421, 15 So. 836, 838 (1893):
“ . . . During its pendency [the appeals], there could be alienations of the estate of the defendant, the subject of levy and sale, to the irreparable injury of the complainants. . . . ”
As regards petitioners’ contention that the trial court must state the reasons for its taxation of costs to both parties, we note only that the rule does not so require. ARCP 54(d). While it is true that costs are generally taxed as a matter of course to the losing party, Rule 54(d) gives the judge the authority to allocate them otherwise. Nothing before us convinces us that the court abused its discretion in this regard.
The petition for writ of mandamus is granted.
WRIT GRANTED.
TORBERT, C. J., and MADDOX, JONES and BEATTY, JJ., concur.