679 So.2d 275 (1996)
Ex parte State of Alabama.
In re STATE of Alabama
v.
Anthony WILLIAMS.
CR-95-1212.
Court of Criminal Appeals of Alabama.
May 16, 1996.
James E. Hedgspeth, Jr., District Atty., Gadsden, for Petitioner.
Charles C. Hart, Gadsden, and Marcus W. Reid, Anniston, for Respondent.
Courtney W. Tarver, Asst. Atty. Gen., for Judge Roy S. Moore.
TAYLOR, Presiding Judge.
The State of Alabama filed this petition for a writ of mandamus directing the Honorable Roy S. Moore, circuit judge for the Sixteenth Judicial Circuit, to vacate his order granting Anthony Williams's motion for a new trial.
*276 Williams was convicted of robbery in the first degree and assault in the second degree and was sentenced as a habitual felony offender to life imprisonment without the possibility of parole and to 25 years in prison, both sentences to run concurrently. Williams filed a motion for a new trial; the court appointed new counsel and the motion was amended. Williams alleged in his motion for a new trial that he had been denied the effective assistance of counsel. After a hearing, the motion was granted, and the state filed this petition for a writ of mandamus asking us to order the trial court to vacate its ruling and to reinstate Williams's conviction.
Initially, we must determine if a petition for a writ of mandamus is the appropriate vehicle by which to challenge the trial court's ruling. Four requirements must be met before a writ of mandamus can issue. Those requirements are: 1) a clear legal right in the petitioner to the relief sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) no adequate remedy at law; and 4) the properly invoked jurisdiction of the reviewing court. Ex parte Department of Human Resources, 620 So.2d 619, 620 (Ala.1993).
Because the State cannot directly appeal the trial court's ruling, there is no other adequate remedy at law. However, the state has failed to show a clear legal right to the relief sought.
The Alabama Supreme Court in State v. Cannon, 369 So.2d 32 (Ala.1979), characterized the petition for a writ of mandamus as follows:
"Mandamus is an extraordinary remedy and will lie to compel the exercise of discretion, but not to compel its exercise in a particular manner except where there is an abuse of discretion. East v. Todd, 284 Ala. 495, 226 So.2d 153 (1969); Ex parte Morrow, 259 Ala. 250, 66 So.2d 130 (1953). Mandamus is also proper to compel the court to perform ministerial duties and to entertain jurisdiction, Tanner v. Dobbins, 251 Ala. 392, 37 So.2d 520 (1948); however, it does not lie to review the proceedings of an inferior court on the ground that they were erroneous, State ex rel. Pinney v. Williams, 69 Ala. 311 (1881)."
369 So.2d at 33.
The right of a trial judge to grant a motion for a new trial is found in Rule 24.1(c), Ala.R.Crim.P., which states, in pertinent part: "The court may grant a new trial: ... (2) If for any other reason the defendant has not received a fair an impartial trial." As this court stated in Wesson v. State, 644 So.2d 1302 (Ala.Cr.App.1994):
"It is well settled that a motion for a new trial is `addressed to the sound discretion of the trial court and [his decision thereon] will not be revised on appeal unless it clearly appears that the discretion has been abused.' Nichols v. State, 267 Ala. 217, 228, 100 So.2d 750, 760-61 (1958)."
644 So.2d at 1315.
Thus, for this writ of mandamus to issue, the petitioner must show that the trial court "abused" its discretion in granting the motion for a new trial. The trial court, in its response to the petition, stated that it found that counsel was not prepared for trial and failed to make a Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), motion, thereby foreclosing the review of a Batson issue on appeal. The trial court also noted that a prima facie case of racial discrimination in the selection of the jury existed. In addition, the court noted a number of other instances in which it found counsel's performance deficient.
To prevail on a claim of ineffective assistance of counsel, a party must establish that his counsel's performance was deficient and that he was prejudiced by the deficient conduct. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
Here, the judge was in a far better position than this court is to observe counsel's performance. Based on the findings of the trial court, we will not say that an abuse of discretion occurred. This petition for a writ of mandamus is due to denied.
PETITION DENIED.
All the Judges concur except COBB, J., who dissents with opinion.
*277 COBB, Judge, dissenting.
In denying the State's petition for the writ of mandamus, the majority correctly states that a trial judge's granting of a motion for a new trial shall not be disturbed except for an abuse of discretion. In light of the fact that the trial judge in this case misapplied the standard for evaluating whether a defendant received ineffective assistance of counsel, as that standard has been established by the United States Supreme Court, I believe the trial court abused its discretion; therefore, I must respectfully dissent. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
This court is called upon to evaluate countless claims of ineffective assistance of counsel, for such claims are frequently presented to this court. The standard for determining whether counsel's representation of a criminal defendant has been ineffective is the same whether a trial court or an appellate court is making that determination. Strickland clearly establishes a two-pronged test for finding ineffective assistance of counsel: 1) that counsel for the defendant performed in a deficient manner and 2) that the deficient performance prejudiced the defendant, thereby affecting the verdict. The assistant district attorney correctly and forcefully argued to the court at the hearing on the motion for a new trial:
"Representation is an art, and an act or omission that is unprofessional in one case may be sound or even brilliant in another. Even if a defendant shows that particular errors of counsel were unreasonable, therefore, the defendant must show that they actually had an adverse effect on the defense.
"It is not enough for the defendant to show that errors had some conceivable effect on the outcome of the proceeding." Strickland, 466 U.S. at 693, 104 S.Ct. at 2068.
See (R. 54.)
The trial court based its order granting of the new trial motion on trial counsel's failure to make a Batson objection. The State then presented to the court several race-neutral reasons for its strikes of the two black veniremen. (R. 21-22.) However, it appears that if counsel had made a Batson challenge, the State would have easily met its burden in refuting the claim of racial discrimination. Hence, no negative consequence would have impacted the defense. Purkett v. Elem, ___ U.S. ___, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995).
The trial court, in its answer to the petition for the writ of mandamus, cites other instances in which the court characterizes the representation as ineffective. Yet, once again, the analysis fails to demonstrate how these instances would have impacted the verdict. A prime example is the court's concern over trial counsel's testimony that he "may have struck some people he did not intend to." (Trial Court's Answer at 2. Emphasis added.) Counsel did not testify that he did indeed strike the wrong jurors or that this alleged mistake had a discernible, definitive effect on the verdict.
Other concerns of the trial court clearly relate to the trial strategy of counsel. It is not the duty of a trial judge to try the case for a lawyer, but it is a lawyer's duty to try the case in such a way that a criminal defendant receives a fair trial.
I would grant the State's petition for the writ of mandamus. Therefore, I must respectfully dissent.