The State of Alabama filed this petition for a writ of mandamus directing the Honorable Roy S. Moore, circuit judge for the Sixteenth Judicial Circuit, to vacate his order granting Anthony Williams's motion for a new trial. *Page 276 
Williams was convicted of robbery in the first degree and assault in the second degree and was sentenced as a habitual felony offender to life imprisonment without the possibility of parole and to 25 years in prison, both sentences to run concurrently. Williams filed a motion for a new trial; the court appointed new counsel and the motion was amended. Williams alleged in his motion for a new trial that he had been denied the effective assistance of counsel. After a hearing, the motion was granted, and the state filed this petition for a writ of mandamus asking us to order the trial court to vacate its ruling and to reinstate Williams's conviction.
Initially, we must determine if a petition for a writ of mandamus is the appropriate vehicle by which to challenge the trial court's ruling. Four requirements must be met before a writ of mandamus can issue. Those requirements are: 1) a clear legal right in the petitioner to the relief sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) no adequate remedy at law; and 4) the properly invoked jurisdiction of the reviewing court. Ex parteDepartment of Human Resources, 620 So.2d 619, 620 (Ala. 1993).
Because the State cannot directly appeal the trial court's ruling, there is no other adequate remedy at law. However, the state has failed to show a clear legal right to the relief sought.
The Alabama Supreme Court in State v. Cannon, 369 So.2d 32
(Ala. 1979), characterized the petition for a writ of mandamus as follows:
 "Mandamus is an extraordinary remedy and will lie to compel the exercise of discretion, but not to compel its exercise in a particular manner except where there is an abuse of discretion. East v. Todd, 284 Ala. 495, 226 So.2d 153 (1969); Ex parte Morrow, 259 Ala. 250, 66 So.2d 130 (1953). Mandamus is also proper to compel the court to perform ministerial duties and to entertain jurisdiction, Tanner v. Dobbins, 251 Ala. 392, 37 So.2d 520 (1948); however, it does not lie to review the proceedings of an inferior court on the ground that they were erroneous, State ex rel. Pinney v. Williams, 69 Ala. 311 (1881)."
369 So.2d at 33.
The right of a trial judge to grant a motion for a new trial is found in Rule 24.1(c), Ala.R.Crim.P., which states, in pertinent part: "The court may grant a new trial: . . . (2) If for any other reason the defendant has not received a fair an impartial trial." As this court stated in Wesson v. State,644 So.2d 1302 (Ala.Cr.App. 1994):
 "It is well settled that a motion for a new trial is 'addressed to the sound discretion of the trial court and [his decision thereon] will not be revised on appeal unless it clearly appears that the discretion has been abused.' Nichols v. State, 267 Ala. 217, 228, 100 So.2d 750, 760-61 (1958)."
644 So.2d at 1315.
Thus, for this writ of mandamus to issue, the petitioner must show that the trial court "abused" its discretion in granting the motion for a new trial. The trial court, in its response to the petition, stated that it found that counsel was not prepared for trial and failed to make a Batson v. Kentucky,476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), motion, thereby foreclosing the review of a Batson issue on appeal. The trial court also noted that a prima facie case of racial discrimination in the selection of the jury existed. In addition, the court noted a number of other instances in which it found counsel's performance deficient.
To prevail on a claim of ineffective assistance of counsel, a party must establish that his counsel's performance was deficient and that he was prejudiced by the deficient conduct.Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674 (1984).
Here, the judge was in a far better position than this court is to observe counsel's performance. Based on the findings of the trial court, we will not say that an abuse of discretion occurred. This petition for a writ of mandamus is due to denied.
PETITION DENIED.
All the Judges concur except COBB, J., who dissents with opinion. *Page 277