INGRAM, Presiding Judge.
This case involves a post-divorce proceeding. After an ore tenus proceeding, the trial court found that the offer of $175,000 was a fair and reasonable price for the parties’ home. The trial court then ordered the home sold for that amount. The wife appeals.
The wife raises three arguments on appeal. However, two of these arguments were never presented to the trial court and are presented on appeal for the first time. It is well settled that we will not address issues raised for the first time on appeal. Dennis v. Scarborough, 372 So.2d 357 (Ala.Civ.App.1979).
Therefore, the only issue properly before this court is whether the trial court abused its discretion in ordering the home sold for less than the appraised fair market value.
At the outset, we note that this case is subject to the ore tenus rule and its attendant presumption of correctness. Fuller v. Fuller, 418 So.2d 121 (Ala.Civ.App.1981). We will not reverse the trial court’s judgment unless it is unsupported by the evidence so that it is plainly and palpably wrong. Nowell v. Nowell, 474 So.2d 1128 (Ala.Civ.App. 1985).
The record here shows a long history of maneuvers by the wife to defeat the sale of this home. In 1987, the court ordered an appraisal and found the fair market value of the home at that time to be $190,000. However, the record does not reveal any contract to purchase the home for this price. In fact, the only evidence of any-contract to purchase the house was in 1989 for $175,000.
The real estate agent testified that she had attempted to sell the house but to no avail. Both she and the husband testified that, in their opinion, $175,000 was a fair and reasonable price for the house.
Suffice it to say that we find no abuse of discretion by the trial court.
This case is due to be affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.