BRYAN, Judge.
S.C. (“the mother”) petitions this court for a writ of mandamus directing the Baldwin Circuit Court to set aside its order dated January 26, 2009, which suspended the counseling relationship between the parties’ only child (“the child”) and Julia Summerlin, the child’s counselor. For the reasons set forth below, we grant the petition.
As part of their divorce judgment, the mother and C.C. (“the father”) entered into a settlement agreement in July 2007 that awarded primary physical custody of the child to the mother and awarded the father supervised visitation. The mother and the father agreed to “participate in counseling with Julia Summerlin for the benefit of the minor child.”
In December 2007, the father filed a “Motion for Rule Nisi and Modification Petition” in which he argued that the settlement agreement was internally inconsistent regarding his visitation privileges and in which he sought a modification of the settlement agreement regarding his visitation with the child. In that petition, the father alleged that he had “visited” Sum-merlin “without success.”[1] On July 1, 2008, the trial court denied the father’s petition for a rule nisi, but it set forth a visitation schedule for the father for the months of July, August, September, October, and November, and it set the case for review in October 2008.
Following a hearing on October 30, 2008, the trial court issued an order on November 14, 2008, that set forth a visitation schedule for the father for the months of November and December and that stated:
“The [child] ... shall continue to see Ms. Julia Summerlin, as [the mother] deems prudent. [The father] ... has proposed to voluntarily seek parenting skill enhancement [with] Dr. France Frederick ... and/or joint parent/child counseling with he and [the child] therewith. This Court approves such proposal and awaits the results thereof at the next succeeding hearing.”
Following the entry of that order, Sum-merlin referred the child to Dr. Daniel Koch, a forensic psychologist, who Sum-merlin described as an “expert” in parental alienation syndrome. The child was evaluated by Dr. Koch at some point in late November 2008. However, the mother refused to allow the child to meet with Dr. Frederick based on a concern expressed by Summerlin that it would violate the American Psychological Association Guidelines of Ethical Standards and Principles for the child to receive treatment by Dr. Frederick while she was being coun *905 seled by Summerlin. The father filed a motion to compel the mother to abide by the trial court’s November 14, 2008, order and to allow the child to participate in joint counseling with the father and Dr. Frederick, and the mother filed a response to the father’s motion to compel based on Sum-merlin’s ethical concerns.
The parties argued their motions before the trial court at a hearing on January 7, 2009. The trial court orally announced its judgment at the hearing, stating that it was necessary, in light of the child’s best interest and the ethical concerns presented, to suspend the counseling relationship between the child and Summerlin so that the child could begin counseling with the father and Dr. Frederick. The mother’s counsel took exception to the trial court’s order, and the court permitted the mother to proffer her own testimony, as well as the testimony of Summerlin and Dr. Koch.
Summerlin testified that she had been counseling the child for approximately three years and that she was willing to continue to counsel the father, despite his reluctance to continue the relationship. Summerlin stated that she believed that it was not in the best interest of the child and that it would be detrimental to the child for the counseling relationship between her and the child to be suspended. She stated that changing the child’s counselor would be harmful to the child because she and the child had developed a trusting relationship. Summerlin stated that she had sought Dr. Koch’s opinion regarding the child because she had wanted to find out if she was “on track” and had wanted to ask Dr. Koch’s opinion regarding her possible ethical dilemma.
Dr. Koch testified that he had evaluated the child but had not treated the child. His evaluation of the child showed that the child had suicidal ideations, and he believed that it would be risky to suspend the therapeutic relationship between the child and Summerlin. Dr. Koch stated that the appropriate way to counsel the father and the child together would be for the child and Summerlin to meet with the father and his counselor. Dr. Koch believed that, in this scenario, the child would be “protected” and the four individuals could work on the relationship between the child and the father together.
The father produced no witnesses and offered no evidence to refute the testimony of Summerlin and Dr. Koch that suspending the counseling relationship between the child and Summerlin would be harmful to the child. The trial court entered a written order on January 26, 2009, which stated:
“1. The Court accepts the proffer made from counsel for the Mother ... that the order entered by this court which directed [the child] to continue counseling with [the] existing counselor, Julia Summerlin and to engage in additional counseling with [the] father and Dr. France Frederick cannot be enforced as it violates the Rules of Ethics to which these psychologists are bound to adhere.
“2. Therefore, [that part] of the Court’s order of [November 14, 2008, which orders counseling for the child with both Summerlin and Dr. Frederick] is hereby vacated in its entirety.
“3. The Court recognizes that the minor child has been in counseling with Ms. Summerlin for the past two and one-half years, and further, that the child has developed a bond with said counselor, there has been no significant advancement in the relationship between the child and the father. While the Court recognizes the benefit to the minor child to continue her counseling with Ms. Summerlin, the same is outweighed by what the Court deems is in the child’s *906 best interest, to-wit: the necessity to reconcile and further promote the relationship between this minor child and [the] father. The Court notes that there has been no progress in this regard since the inception of this matter.
“4. In order to do this within the bounds of professional ethics, the Court deems it necessary to order the following: the counseling sessions between Julia Summerlin and the minor child shall be suspended; Dr. France Frederick is hereby appointed by the Court as counselor in this matter, and as such shall conduct joint parent/child counseling with the minor child and [the] father ....
“5. The Court reserves jurisdiction to enter an[y] further orders that the court deems are in the interest and welfare of the minor child.”
The mother filed this petition for a writ of mandamus on February 6, 2009. She argues that, based on the undisputed testimony of Summerlin and Dr. Koch that it would be against the best interest of the child to suspend her therapeutic l'elation-ship with Summerlin, the trial court exceeded its discretion by suspending the counseling relationship between the child and Summerlin.
The appellate courts of this state have consistently held that
“ ‘[a] writ of mandamus is an extraordinary remedy, and it will be “issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.” Ex parte United, Serv. Stations, Inc., 628 So.2d 501, 503 (Ala.1993)...
" Ex parte Empire Fire & Matine Ins. Co., 720 So.2d 893, 894 (Ala.1998). ‘Mandamus is an extraordinary remedy and will lie to compel the exercise of discretion, but not to compel its exercise in a particular manner except where there is an abuse of discretion.’ State v. Cannon, 369 So.2d 32, 33 (Ala.1979).”
Ex parte Showers, 812 So.2d 277, 280-81 (Ala.2001).
 The trial court used its discretion in deciding to suspend the counseling relationship between the child and Summerlin. As stated above, this court does not have power to compel the exercise of a trial court’s discretion in a particular' manner, except when the trial court has exceeded its discretion. State v. Cannon, 369 So.2d 32, 33 (Ala.1979). After a review of the record, particularly the testimony of Sum-merlin and Dr. Koch, we conclude that the trial court exceeded its discretion hi suspending the counseling relationship between the child and Summerlin because uncontroverted evidence showed that suspending the counseling relationship would be harmful to the child and detrimental to her best interest.
It was undisputed that the child had been counseled by Summerlin for approximately three years and that she and the child had developed a trusting relationship. Further, both Summerlin and Dr. Koch testified that removing the child from the counseling relationship with Summerlin could harm the child, and Summerlin stated, in no uncertain terms, that it would be against the best interest of the child. Dr. Koch even testified that suspending the counseling relationship would be “risky” due to the child’s expressed suicidal idea-tions.
When a trial court hears evidence ore tenus, “[w]e will not reverse the trial coiirt’s judgment unless it is unsupported by the evidence so that it is plainly and *907 palpably wrong.” Page v. Page, 562 So.2d 272, 278 (Ala.Civ.App.1990); see Newsome v. Newsome, 984 So.2d 463, 465 (Ala.Civ.App.2007); and Bishop v. Knight, 949 So.2d 160, 166 (Ala.Civ.App.2006). See also Turnbull v. Rencher, 53 Ala.App. 12, 15, 296 So.2d 912, 914 (Ala.Civ.App.1974) (In a mandamus proceeding to review the judgment of a trial court after it has heard evidence ore tenus, “the usual presumption in favor of the correctness of the [trial] court’s findings of fact is indulged.”). In light of the fact that the father failed to produce any evidence to indicate that the best interest of the child would be promoted by suspending the counseling relationship between the child and Summerlin, we conclude that the trial court’s decision to suspend the counseling relationship was unsupported by the evidence and, therefore, was plainly and palpably wrong.
We commend the trial court for seeking a remedy that would foster a relationship between the child and the father, and we agree that it is essential that the child develop a relationship with the father. However, we cannot ignore, as the trial court has done, the undisputed fact that to suspend the counseling relationship between the child and Summerlin would be detrimental to the child and not in the child’s best interest.[2] See Ex parte Ward, 782 So.2d 1285, 1288 (Ala.2000) (“A trial court cannot ignore undisputed evidence.”).
We hold that the mother has a clear legal right to a judgment that is supported by the evidence submitted. Because we conclude that the trial court exceeded its discretion by ordering the suspension of the counseling relationship between the child and Summerlin, a writ of mandamus will lie to compel the trial court to set aside its order suspending the counseling relationship. See East v. Todd, 284 Ala. 495, 499, 226 So.2d 153, 156 (1969), and State v. Cannon, 369 So.2d at 33.
PETITION GRANTED; WRIT ISSUED.
PITTMAN, THOMAS, and MOORE, JJ., concur.
THOMPSON, P.J., concurs in the result, without writing.

. Although the father does not specify why his "visitation” with Summerlin was "without success,” we assume, based on other portions of the record, that the father and Summerlin did not get along and that the father believed that Summerlin was not succeeding in fostering a relationship between the child and the father.

. We believe that Dr. Koch presented the trial court with a scenario that would promote the best interest of tire child, i.e., continuing the counseling relationship between the child and Summerlin while fostering a relationship between the child and the father. Nothing in this opinion is meant to discourage such an arrangement. In fact, because the order suspending the counseling relationship between the child and Summerlin is not a final judgment, the trial court is not prohibited from receiving additional evidence before fashioning an appropriate order. But see East v. Todd, 284 Ala. 495, 499, 226 So.2d 153, 156 (1969) (mandamus will not issue to compel the exercise of the trial court's discretion in a particular manner).