MOORE, Judge.
J.N.M. (“the mother”) petitions this court for a writ of mandamus directing Judge Steven D. King of the Blount Circuit Court (“the trial court”) to vacate his June 9, 2015, order allowing for visitation between D.L.M. (“the father”) and the parties’ children and directing the parties “to find [a] counselor for family counseling.” We deny the mother’s petition.
The parties were divorced by a judgment of the trial court entered on April 19, 2010; that judgment awarded the mother and the father joint legal custody of their three minor children and awarded the mother physical custody of the children, subject to the father’s standard visitation. On April. 15, 2013, the mother served the father with a letter indicating her intent to relocate with the children to Huntsville on July 1, 2013, as a result of her remarriage.
On May 24, 2013, the father filed a petition for a modification of the parties’ divorce judgment. In that petition, the father asserted, among other things, that he objected to the mother’s proposed relocation with the children to Huntsville; he sought physical; custody of the children, reasonable visitation between the children and the mother, and an injunction restraining the mother from leaving the State of Alabama with the children.
’ According to the mother in her “motion for rehearing” filed with the trial court, the parties’ son revealed in' the summer of 2013 that he had been inappropriately touched by the father during a visit, and, as a result of that allegation, the mother had sought counseling for the son with a therapist at the Children’s Advocacy Center in Blount County. On July 10, 2013, the mother filed in the trial court a motion seeking to suspend the father’s visitation with the children, asserting, among other things, that the children’s pediatrician had recommended the suspension of the father’s visitation with the children. A July 22, 2013, handwritten entry on ' the trial court’s case-action-summary sheet- indicates that the trial court was informed that the mother’s motion to suspend the father’s visitation was moot' and that the case remained set for hearing on August 15, 2013. On September 17, 2013, the Blount County Department of Human Resources (“DHR”) sent the father a letter indicating that DHR had completed an assessment on the suspected child-abuse/neglect report' it- had received against the father On August 1, 2013, and that DHR had not found “sufficient evidence to support that [the father had] sexually molested [the] son.” Additionally, *1158 both the father and Judge King state in their answers to ,the mother’s mandamus petition that the allegation of sexual molestation of the son by the father, had been presented to a Jefferson County grand jury, which “no billed” the case.
The children had not visited the father since the allegations of abuse occurred in 2013, and, on April 3, 2015, the trial- court entered a temporary order setting: a graduated visitation schedule for the father with the children and modifying the father’s child-support obligation. On May 12, 2015, the father filed a motion for contempt, asserting that the.mother had failed to comply with the trial court’s visitation order by refusing to deliver the children for visitation. The mother filed a response to the father’s contempt motion, asserting that she had taken the children to the appointed meeting place for each scheduled visitation but that the children had refused to leave her automobile when it was time to visit the father. She also asserted that the son feared the father and was unwilling to visit with the father without the older children, who, she said, refused to visit the father.
According to the mother’s mandamus petition, she testified during a hearing on June 5, 2015, that she had stopped taking the son to counseling at the Children’s Advocacy Center in Blount County following their move to Huntsville. She also asserts that she also testified that, in May 2015,- she had sought a therapist for the son at the National Children’s Advocacy Center in Huntsville because, after the trial court entered an order on April 2, 2015, ordering that the children were to begin visiting the father, the son had begun to exhibit behavioral changes, which she had attributed to.the son’s being told that he would be going to visit with the father. The mother’s petition indicates that the child’s therapist from the National Children’s Advocacy Center in Huntsville testified at the June 2015 hearing-that she was certain that the son had been traumatized by something that had occurred with the father and that she recommended that the son not visit the father until.trauma therapy with the son could be completed, which the therapist testified would take approximately six months. '
In response to the mother’s mandamus petition, the father asserts that, after the trial court had questioned whether the father would be included in the son’s therapy for the purpose of rebuilding the parent-child relationship, the mother had called the son’s therapist to testify. According to the father, at the hearing on June 5, 2015, the son’s therapist testified that her typical practice is to exclude the accused parent from therapy and to accept the allegations of abuse at face value. Furthermore, according to the father, the trial court questioned the therapist at length and the therapist had agreed that undergoing trauma therapy for abuse that had not actually occurred would be harmful to a child.
On June 9, 2015, the trial court entered the following order on the case-action-summary sheet:
“After conclusion of hearing,; Court orders that father shall have two hours visitation every weekend either on Saturday or Sunday to be at Jack’.s as previously ordered. Parties are ordered to find, counselor for family counseling within ten days. Case remains set for June 30, 2015.”
The father argues in his response to the mother’s mandamus petition that the trial court’s order reducing the father’s visitation time with the children was largely in response to the guardian ad litem’s opinion that the son was traumatized and that visitation with the father was not in the son’s best interest.
*1159 The mother asserts, based on her attorney’s memory of the events of the June 5, 2015, hearing, that the trial court stated: “[W]hile the therapist was a nice person, a good therapist, the ‘National Children’s Advocacy Center is not to be believed, because they are only on one side, they are biased.’ ” The mother also asserts that Susan White, the children’s guardian ad li-tem, had also expressed concern in open court at the June 5, 2015, hearing that the son should not visit with the father and “that the [son] was clearly traumatized when he spoke to her.”
In his response to the mother’s mandamus petition, Judge King asserts that, during the June 5, 2015, hearing, the therapist from the Huntsville National Children’s Advocacy Center testified that the Center has a policy that it will not have any contact with an alleged perpetrator and that an alleged perpetrator is not allowed on the Center’s premises. Judge King further asserts that the therapist’s testimony revealed that the therapist takes what a child tells her as fact and that she does not question whether any abuse actually occurred. Judge King argues in his answer to the mother’s- petition that,
“[b]ecause no determination has been made about whether any abuse occurred, the court believes that it is not reasonable for counseling to happen with a counselor who is predisposed to and does take it as a fact that abuse has occurred and' that the [father] is the perpetrator. The court believes that it is not reasonable for the counseling to automatically exclude the [father]. The counseling which the [mother] desires to continue assumes that abuse did occur and that the [father] is the perpetrator. The court made it clear and ordered that any counseling be done -with a counselor who is not predisposed one way or the other as to the alleged abuse. Additionally, -the court made it clear that such counseling should include all the family and it should be such counselor’s decision as to who should be involved at any stage of the counseling.”
In Ex parte Davis, 930 So.2d 497, 499 (Ala.2005), our supreme court stated:
“The writ of mandamus is an extraordinary legal remedy. Ex parte Mobile Fixture & Equip. Co., 630 So.2d 358, 360 (Ala.1993). Therefore, [an appellate] Court will not grant mandamus relief unless the petitioner shows: (1) a clear legal right to the order sought; (2) an imperative duty upon the trial court to perform, accompanied by its refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the -Court. See Ex parte Wood, 852 So.2d 705, 708 (Ala.2002).”
“‘Mandamus is an extraordinary remedy and will lie to compel the exercise of discretion, but not to compel its exercise in a particular manner except where there is an abuse of discretion.’ ” Ex parte Showers, 812 So.2d 277, 281 (Ala.2001) (quoting State v. Cannon, 369 So.2d 32, 33 (Ala. 1979)).
The mother seeks a writ of mandamus directing the trial court to vacate its June 9, 2015, order directing the parties to find a counselor for family counseling and ordering visitation between the father and the children. The only citation to authority offered by the mother in support of her petition is Lassiter v. Department of Social Services, 452 U.S. 18, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981), which she cites for the proposition that she has a due-process right to choose a therapist for her children pursuant to the rights of a parent to perform the duties and responsibilities of a parent without interference from, the State. Lassiter,- in which the United States Supreme Court, addressed whether *1160 the failure to appoint counsel for indigent parents in a proceeding seeking the termination of their parental rights deprived the indigent parents of due process, does not support the mother’s assertion that the trial court exceeded its discretion in ordering family counseling.
In Ex parte S.C., 29 So.3d 903 (Ala.Civ. App.2009), this court reviewed an order of the Baldwin Circuit Court suspending the counseling relationship between the parties’ only child and the child’s counselor. This- court stated, in pertinent part: '
“When a trial court hears evidence ore 'tenus, ‘[w]e will not reverse the trial court’s judgment unless it is unsupported by the evidence so that it is plainly and palpably wrong.’ Page v. Page, 562 So.2d 272, 273 (Ala.Civ.App.1990); see Newsome v. Newsome, 984 So.2d 463, 465 (Ala.Civ.App.2007); and Bishop v. Knight, 949 So.2d 160, 166 (Ala.Civ.App. 2006), See also Turnbull v. Rencher, 53 Ala.App. 12, 15, 296 So.2d 912, 914 (Ala. Civ.App.1974) (In a mandamus proceeding to review the judgment of a trial court after it has heard evidence ore tenus, ‘the usual presumption in favor of the correctness of the [trial] court’s findings of fact is indulged.’).” •
29 So.3d at 906-07. In Ex parte S.C., we noted the undisputed evidence indicating that the child had been counseled by the same counselor for three years, that the child and the counselor had developed a trusting relationship, and that the counsel- or and another psychologist had testified that removing the child from that counseling relationship could harm the child. 29 So.3d at 906. Given that evidence and the fact that the father in that case had failed to produce any evidence to indicate that the best interest of the child would be promoted by suspending the counseling relationship between the child and the counselor, this court concluded that the trial court’s decision to suspend the counseling relationship was unsupported by the evidence and, therefore, plainly and palpably wrong. 29 So.3d at 907.
■ In the present case, according to Judge Bang’s response to the mother’s petition, the therapist in the present case first saw the parties’ son sometime during the week before May 29, 2015. Thus, unlike in S.C., the therapist had not worked with the child for many years such that they could have established a similar trusting relationship. Additionally, evidence was presented indicating that, if the father had not abused the child, the therapy could actually be harmful to the son. Given that evidence, the circumstances in the present case are distinguishable from those in S.C. because the trial court’s order directing the parties to find a family counselor is supported by the evidence. Thus, we cannot conclude that the trial court abused its discretion in entering that order.
The mother also seeks a writ of mandamus from this court directing the trial court to vacate its order setting visitation between the father and the children. The mother states in her petition that the guardian ad litem had expressed concern about the father’s visiting the son because the son was traumatized. Judge King notes in his answer to the mother’s petition that, other than hearsay testimony regarding what the son had said, the court did not have any evidence before it to substantiate the allegation of abuse by the father. The mother states in her petition that the parties’ oldest daughter testified that she had heard the son crying and that the son had been forced to shower with the father. The mother also states that the father testified at the June 5, 2015, hearing that he had showered with the son only outdoors when they were muddy from an outdoor activity and that, although he had not admitted to calling his children liars, *1161 the father had stated that the shower incident as testified to by the daughter had not occurred. Based on the evidence before it, including the determination by DHR that sexual abuse by the father was “not indicated,” the trial court could have determined that, because no determination of abuse had occurred, the visitation between the children and the father should resume. “The trial court has broad discretion in determining visitation rights.” Hall v. Hubbard, 697 So.2d 486, 490 (Ala. Civ.App.1997). The trial court considered the evidence and concluded that reducing the reintroduction period of the father’s visitation with the children, combined with an order of family counseling, which we have discussed above, sufficiently addressed the best interests of the children. We cannot conclude from the evidence recited to this court pursuant to the mother’s petition that the trial court abused its discretion in making that determination. Because the mother has not proved a clear legal right to the order sought, we deny the petition.
PETITION DENIED.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.